IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

v.                            CRIMINAL ACTION NO. 2:17-cr-00168

VINCENT BEATTY

MEMORANDUM OPINION AND ORDER

Pending before the court is Defendant Vincent Beatty's pro se letter-form motion for compassionate release. [ECF No. 76]. The court in deciding such motions will consider the following: whether the defendant has exhausted his or her administrative remedies, has demonstrated "extraordinary and compelling reasons," and the § 3553(a) factors. In deciding what constitutes "extraordinary and compelling reasons" for release by reason of COVID-19, a defendant must demonstrate that he or she has a medical condition listed by the Centers for Disease Control and Prevention as causing an increased risk of severe illness from COVID-19 and that he or she is at a facility which cannot effectively prevent the spread of the virus.

I.     Background

On April 18, 2018, I sentenced Mr. Beatty to 60 months of imprisonment followed by 3 years of supervised release after he pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). [ECF

No. 52].

Mr. Beatty is currently imprisoned at Federal Correctional Institution Cumberland in Maryland. He alleges he currently suffers from two health conditions: asthma and obesity.[1] [ECF No. 76, at 2]. FCI Cumberland is a medium security correctional institution with an adjacent minimum security satellite camp. FCI Cumberland currently houses 1,141 total inmates. *FCI Cumberland*, Fed. Bureau of Prisons, https://www.bop.gov/locations/institutions/cum/ (last visited March 31, 2021). As of March 31, 2021, there is only one active case of COVID-19 among prisoners and six active cases among staff at FCI Cumberland. *See COVID-19 Cases*, Fed. Bureau of Prisons, https://www.bop.gov/coronavirus (last visited March 31, 2021).

## II.   Discussion

The First Step Act empowers criminal defendants to request compassionate release for "extraordinary and compelling reasons." 18 U.S.C § 3582(c)(1)(A)(i). But before a defendant makes such a request, he must ask BOP to do so on his behalf and then wait 30 days. *See* § 3582(c)(1)(A). Upon such a motion from BOP or from a defendant (after BOP denies the request or thirty days have elapsed since the request was filed), a court "may reduce the term of imprisonment." 18 U.S.C. § 3582(c)(1)(A)(i); *see also United States v. McCoy*, 981 F.3d 271, 283 (4th Cir. 2020). Once an inmate has satisfied administrative exhaustion, a court may reduce his sentence upon a finding of "extraordinary and compelling reasons." *See* 18 U.S.C.

---

[1] Mr. Beatty writes that he is "overweight." However, the Government notes in its response that Mr. Beatty's medical records indicate he has a Body Mass Index indicating obesity. [ECF No. 78, at 5].

§ 3582(c)(1)(A).

There are "disagreements [among district courts] about the precise definition of 'extraordinary and compelling reasons' justifying compassionate release." *United States v. Cotinola*, No. 13-CR-03890-MV, 2020 WL 2526717, at *3 (D.N.M. May 18, 2020). But the United States Court of Appeals for the Fourth Circuit has clarified that district courts are not bound by the enumerated extraordinary and compelling reasons listed in United States Sentencing Guideline § 1B1.13 because the Guidelines have not been updated since the passage of the First Step Act. *United States v. McCoy*, 981 F.3d 271, 283 (4th Cir. 2020). ("As of now, there is no Sentencing Commission policy statement 'applicable' to the defendants' compassionate-release motions, which means the district court need not conform . . . to § 1B1.13 in determining whether there exist 'extraordinary and compelling reasons' for a sentence reduction."). Therefore, "district courts are 'empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise.'" *McCoy*, 981 F.3d at 284 (quoting *United States v. Zullo*, 976 F.3d 228, 230 (2d Cir. 2020)).

I have joined other courts in holding that I cannot find that "extraordinary and compelling" reasons exist to grant release because of COVID-19 unless the inmate has a medical condition that puts him or her more at risk for developing a serious illness from COVID-19 *and* his prison conditions are such that BOP cannot effectively prevent the spread of COVID-19. Factors include but are not limited to the steps BOP has taken to stop the spread of COVID-19 in that particular prison and steps to follow

3

CDC guidance, the ability of inmates to socially distance, the amount of hygiene products and face masks provided to inmates, and the number of COVID-19 cases in that prison. *United States v. Boston*, No. 2:19-cr-00162, 2021 WL 77466, at *3–4 (S.D. W. Va. Jan. 7, 2021); *see also United States v. Raia*, 954 F.3d 594, 594 (3d Cir. 2020) ("But the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release . . . ."); *United States v. Penaloza*, No. 19-238, 2020 WL 1555064, at *2 (D. Md. April 1, 2020) ("[T]he mere presence of the virus, even in the detention setting, does not translate to the release of a person accused."). In deciding which medical conditions result in an inmate being at higher risk for COVID-19, I will defer to CDC's list of medical conditions causing an increased risk of severe illness from COVID-19. *See Coronavirus Disease 2019 (COVID-19): People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited March 31, 2021).

### a) Exhaustion of Administrative Remedies and Section 3582(c)(1)(A)

Mr. Beatty attached documentation to his motion showing that he requested compassionate release from the warden at FCI Cumberland in April 2020. [ECF No. 76, at 4]. That request was denied. Because more than thirty days have passed since Mr. Beatty sent his initial request to the warden, I find that Mr. Beatty has exhausted his administrative remedies. As such, I now turn to whether Mr. Beatty has alleged extraordinary and compelling reasons that would justify compassionate release.

b) **Extraordinary and Compelling Reasons**

As explained above, in order to demonstrate extraordinary and compelling reasons for release, Mr. Beatty must show that he has a medical condition that puts him or her more at risk for developing a serious illness from COVID-19 *and* the facility where the inmate is housed has conditions such that its inmates are at a higher risk of contracting COVID-19.

Mr. Beatty alleges that compelling and extraordinary reasons exist to grant him compassionate release due to COVID-19 because he is obese and suffers from asthma. The Government concedes that Mr. Beatty is obese but argues that his asthma is not "moderate to severe," the threshold at which it makes the CDC list of medical conditions. *See Coronavirus Disease 2019 (COVID-19): People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited March 31, 2021). Because obesity is on the CDC list, I need not determine whether Mr. Beatty's asthma is moderate to severe.

Given that Mr. Beatty does have a medical condition that makes him more likely to suffer serious illness from COVID-19, I next consider whether Mr. Beatty has shown that his prison conditions are such that BOP cannot effectively prevent the spread of COVID-19. Mr. Beatty alleges that staff at FCI Cumberland refuse to wear masks despite orders to do so, that inmates who test positive for COVID-19 are allowed to use the same showers and recreational facilities as other inmates, and that inmates are not provided bleach or alcohol for cleaning. [ECF No. 76]. In its response,

the Government writes that BOP is taking concrete steps to minimize the risk of COVID-19 infection at FCI Cumberland, as evidenced by the low number of active positive cases in the facility. In addition to including a list of steps it is taking to prevent the spread of COVID-19 at FCI Cumberland, BOP advised the Government on March 1, 2021, that "FCI Cumberland received a shipment of [COVID-19] vaccines today and they anticipate inmate Beatty receiving the vaccine by mid-week." [ECF No. 78-4, at 1].

While I understand that Mr. Beatty is concerned about being incarcerated during the COVID-19 pandemic, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release." *United States v. Raia*, 954 F.3d 594, 594 (3d Cir. 2020). I am troubled by Mr. Beatty's allegation that prison staff have refused to wear masks throughout the pandemic. However, based on the evidence presented, I cannot find that BOP is unable to control the spread of COVID-19 at FCI Cumberland. FCI Cumberland currently has only one active inmate case, and data provided by BOP shows that FCI Cumberland has had 3 or fewer simultaneous active cases at any point since February 16, 2021. *Active Cases of COVID-19 Over Time*, FCI Cumberland,

https://experience.arcgis.com/experience/ab22fb4c564e4f4b986e257c685190e8/page/page_2/ (last visited March 31, 2021). This, along with BOP's efforts to vaccinate inmates at FCI Cumberland convince me that Mr. Beatty's prison conditions are not currently such that BOP is unable to control the spread of COVID-19.

### III. Conclusion

Mr. Beatty's motion for compassionate release [ECF No. 76] is **DENIED**.

The court **DIRECTS** the Clerk to send a copy of this Order to the defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER: March 31, 2021

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE